# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1584

_____

United States of America,                     *

                                     *

               Appellee,           *    Appeal from the United States

                                     *    District Court for the Western

     v.                        *    District of Arkansas.

                                     *

Johnny Parker,                     *       [UNPUBLISHED]

                                     *

              Appellant.       *

_____

Submitted:  March 14, 2001
Filed:  March 16, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Johnny Parker was arrested after police stopped a car in which he was a passenger; officers found drugs and a methamphetamine lab in the car, syringes and a small vial of drugs on Parker's person, and a .22 caliber pistol on the driver's side floorboard.  Parker pleaded guilty to conspiring with the driver to manufacture methamphetamine, and his sentence was based in part on the application of a firearm enhancement under U.S.S.G. § 2D1.1(b)(1).  Parker later obtained partial relief (on another ground) under 28 U.S.C. § 2255.  The district court resentenced Parker and

again applied the firearm enhancement, finding possession of a weapon by one actively engaged in manufacturing illegal drugs was reasonably foreseeable.

On appeal, Parker contends the enhancement was improper because charges were dropped against the driver, who possessed the gun, and the government did not prove the driver's possession of the gun was in furtherance of the conspiracy or reasonably foreseeable to Parker. We disagree. Parker admitted he conspired with the driver to manufacture drugs, and there was no indication the gun was not connected with the offense. See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (enhancement should be applied if weapon was present, unless it is clearly improbable that weapon was connected with offense); U.S.S.G. § 1B1.3 (specific offense characteristics are determined on basis of all reasonably foreseeable acts of others in jointly undertaken criminal activity if taken in furtherance of jointly undertaken activity); United States v. Jones, 195 F.3d 379, 384 (8th Cir. 1999) (firearm enhancement properly applied where gun was found in same location as drugs); United States v. Turpin, 920 F.2d 1377, 1387 (8th Cir. 1990) (noting firearms are tools of drug dealer's trade); cf. United States v. Barragan, 915 F.2d 1174, 1179 (8th Cir. 1990) (firearm enhancement upheld where defendant was involved in criminal activity with co-defendant who had not been charged on same count).

Finding no sentencing error, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.